THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, v. CALVIN KING, APPELLANT.

*Civil rights — an owner of a skating rink refusing to sell tickets to a colored person is guilty of a misdemeanor — Penal Code, sec.* 383.

Upon the trial of the defendant, one of the owners of a skating rink, upon an indictment charging him with a misdemeanor in refusing to sell to three colored persons tickets of admission on a certain evening when a large number of per-

sons were admitted thereto for the purposes of amusement and as spectators, he was convicted and sentenced to pay a fine of $.50.

*Held,* that the judgment should be affirmed; that the skating rink was "a place of amusement" within the meaning of that term as used in section 383 of the Penal Code, and that that section was constitutional.

APPEAL from a judgment of the Court of Sessions of Chenango county convicting the defendant of a misdemeanor.

*E. H. Prindle,* for the appellant.

*George A. Haven,* district attorney, for the respondent.

BOARDMAN, J. :

The defendant, who is one of the owners of a skating rink, refused to sell to three colored persons tickets of admission on a certain evening when a large number of persons were admitted thereto for the purpose of amusement and as spectators. The refusal was upon the sole ground that such applicants were colored. For this act the defendant was indicted, tried, convicted and sentenced to pay a fine of $150, etc:

The jury, under the charge, has found that the skating rink was a place of amusement such as is contemplated in section 383 of the Penal Code; that the defendant was the owner or manager of the rink, within the statute, and that he excluded Breed, Wyckoff. and Robbins from said rink by reason of their color. These conclusions cannot be subjects of doubt irrespective of the verdict. An attempt is made to argue that a refusal to sell those parties tickets is not an exclusion of them from the rink; but we think the objection hypercritical and untenable. It may, however, have properly been submitted to the jury to determine, as was done, and in that case the verdict of the jury would conclude us.

The case, upon the facts, is then brought directly within section 383 of the Penal Code, and the conviction is right, if that section of the Code is binding as law. It is claimed that the section is unconstitutional. On a question of so much gravity the briefs of counsel are very lean. The appellant cites the dissenting opinion of Mr. Justice FIELD, in *Munn* v. *Illinois* (94 U. S., 149), and *The People ex rel. King* v. *Gallagher* (11 Abb. N. C., 187). The respondent's counsel cites no authority whatever. It is claimed

that the section is void because it prescribes that a skating rink, owned as private property, shall be devoted to the use of colored people. But that is not a just statement. The law gives to every citizen certain civil rights from which he shall not be excluded by reason of his race or color. His rights to the equal enjoyment of such accommodations, facilities or privileges as are furnished by inn-keepers or common carriers, or by owners or managers of theaters or other places of amusement are among the number. The owner of property has devoted it to a purpose in which the public has an interest. For a consideration the public are admitted to its enjoyment. On payment of a reasonable compensation citizens are entitled to its use without distinction by reason of race or color. The privilege may be withdrawn by discontinuing the use. (*Munn* v. *Illinois*, 94 U. S., 113.) The rule of the legislative rights has been sanctioned in case of railroads. (*Cent. R. R.* v. *Green*, 86 Penn. St., 421; *Railroad Company* v. *Brown*, 17 Wall., 446.) In *The People ex rel. King* v. *Gallagher* (93 N. Y., 438) it was held by a divided court that the city of Brooklyn had a special law by which separate schools for colored children were provided, and that such special law was not abrogated by chapter 863 of Laws of 1873. A colored man may not be excluded from jury duty. (*Ex parte Virginia*, 100 U. S., 339; *Strauder* v. *West Virginia* (Id., 303.) But the Penal Code (§ 383) does not infringe upon the United States Constitution or laws. It carries the principle too far, as this defendant now claims, and deprives the owner of the free use of his own property. That, however, is a power inherent in every sovereignty. The sovereign power may regulate the use of one's property with reference to the public welfare. Under the Constitution and laws we may fairly say that no discrimination may be allowed against colored people in the use of certain property of a public or *quasi* public character. Places of amusement are made such property by the Penal Code. The legislature possessed the power to control and regulate property held for public use; and the authority exercised in the present case does not seem to us to deprive the owner of his property, or of its use, so as to be obnoxious to the restraints of article 5 of the amendments of the Constitution of the United States, or of section 1, article 1 of the Constitution of this State. It is simply a rule

of conduct as to its use. Numerous cases of somewhat similar legislation will readily occur to their mind.

The appeal papers do not show a judgment in due form from which an appeal could be taken. But, as the elements of a judgment are there, we have thought best to consider the case on its merits and as if on an appeal from a regular judgment.

For the reasons stated we think the conviction and judgment should be affirmed.

HARDIN, P. J., concurred; FOLLETT, J., not voting.

Conviction and judgment affirmed.